```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
 _____

   GRACE L. TRAYNOR,

                     Plaintiff,
                                    Civil No. 13-1364(NLH)
   v.
                                    OPINION
   COMMISSIONER OF SOCIAL
   SECURITY,
                     Defendant.
 _____
```

**APPEARANCES:**

GRACE L. TRAYNOR
P.O. BOX 328
DEEPWATER, NJ 08023
    Appearing pro se

MONIKA KATHERINE CRAWFORD
OFFICE OF THE US ATTORNEY
SOCIAL SECURITY ADMINISTRATION
26 FEDERAL PLAZA
ROOM 3904
NEW YORK, NY 10278
    On behalf of Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  42 U.S.C. § 401, et seq.  Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Plaintiff, appearing pro se, has opposed Defendant's motion.[1]

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 10, 2010.  Following an initial denial and a subsequent denial on reconsideration on May 5, 2011, Plaintiff timely filed a request for a hearing by an Administrative Law Judge (ALJ) on June 8, 2011.  A hearing was scheduled for July 26, 2012.  On August 14, 2012, the ALJ issued a Notice of Dismissal of the request for hearing because Plaintiff had failed to appear at the scheduled hearing, and she did not provide good cause for such failure to appear.  Plaintiff timely filed a request for review of the ALJ's dismissal.  On December 4, 2012, the Appeals Council issued a Notice of Appeals Council Action denying Plaintiff's request for review of the ALJ's dismissal.  Plaintiff filed this action on March 4, 2013.

## II. DISCUSSION

In claims arising under the Social Security Act, judicial review is permitted only in accordance with sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h).  The first sentence of section 405(g) provides that:

---

[1] Plaintiff has also moved for default judgment against Defendant.  Because Defendant timely responded to Plaintiff's complaint, Plaintiff's motion must be denied.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Section 405(h) further states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).  Any judicial review of an action arising under the Social Security Act is available only to the extent that the Act allows.  Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10-15 (2000); Heckler v. Ringer, 466 U.S. 602, 614-16 (1984).

The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. § 404.900(a).  First, an individual claiming entitlement to benefits receives an initial determination.  20 C.F.R. § 404.902.  Second, if dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. § 404.907.  Third, if dissatisfied with that review, the claimant may request a hearing before an

3

Administrative Law Judge (ALJ).  20 C.F.R. § 404.929.  Fourth, if the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision.  20 C.F.R. § 404.967.

At this point, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner.  20 C.F.R. § 404.981.  The Appeals Council may also grant the request for review and issue its own decision.  Id.  In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action.  Id.; see also 20 C.F.R. § 422.210.

Ordinarily, a claimant must exercise administrative appeal rights and seek judicial review within a specified time frame. 20 C.F.R. § 404.900(a).  Upon a showing of good cause, however, the Commissioner will extend the time for seeking review.  See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.  Thus, under the regulations, a claimant obtains a judicially reviewable final decision only if he completes the four-step administrative process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals

Council that it is denying his request for review. 20 C.F.R. §§ 404.981, 422.210.

In this case, Plaintiff's application for benefits was denied without a hearing. When Plaintiff's request for a hearing before an ALJ was granted, she requested that the hearing be conducted on the telephone due to her severe panic disorder, which was the basis for her disability claim. The ALJ denied that request because "he wanted to observe the claimant's appearance and demeanor at the hearing and because there was insufficient evidence in the record to support the claimant's contention that she was unable to leave her residence." (Docket No. 8-2 at 8.) When the hearing date arrived, Plaintiff failed to attend. The ALJ considered the relevant factors to determine whether good cause existed for her failure to attend the hearing, see 20 C.F.R. 404.957(b)(2),[2] and he determined that there was no good cause for Plaintiff's failure to appear. The ALJ provided Plaintiff with another opportunity to explain to him why she did not appear by way of a notice to show cause, but Plaintiff did not respond. The ALJ therefore dismissed

---

[2] 20 C.F.R. 404.957(b)(2) provides, "In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have."

Plaintiff's request for a hearing, and the Appeals Council denied her appeal of that decision.

Defendant argues that Plaintiff's case should be dismissed because she did not obtain a "final decision of the Commissioner of Social Security made after a hearing," as required by 42 U.S.C. § 405(g), which would trigger the availability of judicial review since there was no hearing. Plaintiff argues that her condition precludes her from attending a hearing, and that her inability to have a telephonic hearing allows Defendant to use her disability against her to deny her benefits. She also argues that the ALJ did not properly consider the elements of 20 C.F.R. 404.957(b)(2) when finding that good cause did not exist for her failure to appear at the scheduled hearing.

To the extent that Plaintiff asks this Court to consider whether the ALJ properly dismissed her request for a hearing pursuant to 20 C.F.R. 404.957(b)(2), the Court lacks jurisdiction to do so. A decision as to the propriety of an ALJ's decision to dismiss a hearing request is not subject to judicial review because it does not constitute a "final decision." See Van Williams v. Soc. Sec. Admin., 152 F. App'x 153, 154-55 (3d Cir. 2005) (citing Hoye v. Sullivan, 985 F.2d 990 (9th Cir. 1992)) ("[T]he ALJ dismissed Williams's hearing

6

request after Williams failed to appear at the rescheduled hearing and showed no good cause for his failure to attend.  No hearing was conducted, and no final decision has been made."); Pallotta v. Barnhart, 144 F. App'x 938, 941 (3d Cir. 2005) ("A claimant . . . who is properly notified of a scheduled hearing but fails to appear without good cause has failed to exhaust administrative remedies and is not entitled to judicial review."); Aversa v. Sec'y of Health & Human Servs., 672 F. Supp. 775, 778 (D.N.J. 1987) (finding that there is authority to support defendant's proposition that the Appeals Council dismissal of a hearing request is not a final decision of the Secretary); O'Connor v. Sullivan, 1990 WL 164779, at *2 (D.N.J. July 5, 1990) (distinguishing the dismissal of a request for review from the denial of a request for review, where a denial is a "final decision" of the Secretary which is subject to judicial review and a dismissal is binding and not subject to further review, and pointing out that "Courts which have considered the issue of whether the district court may review the Appeals Council's dismissal of a request for review because 'good cause' . . . had not been shown have held that such decision is not a 'final decision' subject to judicial review"); see also Stevens v. Astrue, 2008 WL 4748178, at *2 (W.D. Pa.

7

Oct. 24, 2008) ("Stevens' request for an administrative hearing--one of the four steps of the administrative remedies process, see 20 C.F.R. § 416.400(a)(3)--was dismissed due to his failure to appear at the hearing and to provide good cause for his absence.  Because no hearing was conducted, no 'final decision' has been rendered and this Court therefore lacks jurisdiction."); Garza v. Chater, 891 F. Supp. 464, 468 (N.D. Ill. 1995) (finding that the court did not have subject matter jurisdiction to review the ALJ's Order dismissing the plaintiff's request for hearing because the ALJ did not purport to make a final decision on the merits of the plaintiff's claim; rather, the ALJ only determined that she had not established good cause for late filing, and the plaintiff's request for a hearing on the merits had been denied); Scott v. Colvin, 2015 WL 500736, at *4 (D.S.C. Feb. 5, 2015) (citing Hearings, Appeals and Litigation Law manual ("HALLEX") § l-2-4-5(F) ("A dismissal action is not considered a final decision of the Commissioner for purposes of filing a civil action.")) (explaining that there is no provision for further review under the Act when the Appeals Council denied the plaintiff's request for review of the ALJ's dismissal of her request for a hearing when she failed to appear for either of two scheduled hearings and failed to show

8

good cause for not doing so); Blevins-Moore v. Barnhart, 2003 WL 21919191, at *5 (N.D. Ind. July 30, 2003) (quoting Heisenberg v. United States District Court for the Southern District of Illinois, 910 F.2d 374 (7th Cir. 1990)) ("[W]e are somewhat troubled by the Plaintiff's arguments which appear to challenge the ALJ's good cause determination [as to why plaintiff failed to appear at the hearing] as unsupported by the evidence.  Such arguments distinctly resonate an appellate tone, yet the Seventh Circuit has 'reiterate[d], what seems constantly to need reiteration, clearly established though the proposition is, that mandamus is not to be allowed to do service for an appeal.  If broadly useable to obtain appellate review of nonfinal orders, mandamus would eviscerate the final-decision rule, the cornerstone of federal appellate jurisdiction.'").

In this case, Plaintiff's disability claim is essentially stalled at the third step in the four-step process.  She received an initial determination denying her claim, and that determination was upheld on reconsideration.  Plaintiff attempted to complete the third step - a hearing before an ALJ – but the ALJ did not grant Plaintiff's request to have the hearing held over the telephone, and Plaintiff did not appear in

person.[3] When she failed to appear, she was afforded the opportunity to show cause for why she did not appear, pursuant to a notice to show cause issued by the ALJ. Plaintiff never responded, and her request for a hearing was dismissed. The Appeals Council upheld the ALJ's decision. Thus, the second-step decision remains in effect. Because no final decision as to the merits of her disability claim has been rendered by the Commissioner through the completion of steps three and four, the Court therefore lacks subject matter jurisdiction to consider her case.

The Court recognizes that a claimant may be excused from exhausting her administrative remedies "in certain special

---

[3] The ALJ explained his reasoning for denying Plaintiff's request for a telephone hearing:

> The claimant signed and returned the Acknowledgment of Receipt (Notice of Hearing) form. The claimant stated on the form that she wanted to testify by telephone. The undersigned Administrative Law Judge denied the request because he wanted to observe the claimant's appearance and demeanor at the hearing and because there was insufficient evidence in the record to support the claimant's contention that she was unable to leave her residence. The undersigned offered to postpone the hearing so that the claimant could find a representative, but the claimant was adamant that she wished to represent herself and that she would only testify by telephone. The claimant stated that she would provide further medical evidence of the severity of her impairments when she received the Show Cause notice.

(Docket No. 8-1 at 8.)

10

cases," such as where the plaintiff raises a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits.  Califano v. Sanders, 430 U.S. 99, 109 (1977); see also Heckler v. Ringer, 466 U.S. 602, 618 (1984) ("We have also recognized that in certain special cases, deference to the Secretary's conclusion as to the utility of pursuing the claim through administrative channels is not always appropriate.").  In perhaps an attempt to be considered a "special case" that may be excused from the exhaustion requirement, Plaintiff argues that Defendant is using her disability against her to deny her benefits by way of refusing to hold a telephonic hearing.  Plaintiff contends that Defendant has therefore effectively precluded her from completing the four-step administrative process, which constitutes a de facto exhaustion of her administrative remedies.

Although this Court understands Plaintiff's position, Plaintiff's argument does not qualify as a "special case."  If Plaintiff were permitted to bypass the four-step process under these circumstances, it would incentivize claimants to skip the hearing and file suit in court every time an ALJ does not find good cause for a claimant's failure to appear at the hearing.

Courts would then be left to second-guess the ALJ's assessment of the good-cause factors, in contravention of the explicit limits to judicial review under the Social Security Act, as detailed above.[4]

An ALJ's decision on matters such as whether to grant a request for a telephonic hearing does not go unchecked.  The checks and balances to the ALJ's decision-making on administrative functions is provided by the Appeals Council. There have been many cases where the Appeals Council has reversed the decision of the ALJ dismissing a hearing request. See, e.g., Johnson v. Comm'r of Soc. Sec., 263 F. App'x 199, 200 (3d Cir. 2008) (Appeals Council vacated and remanded the matter to the ALJ after ALJ issued an order of dismissal due to the claimant's failure to appear at the hearing); Weimer v. Astrue, 2009 WL 699944, at *1 (W.D. Pa. Mar. 11, 2009) ("Plaintiff requested a hearing before an administrative law judge.  The hearing request was dismissed because plaintiff failed to appear for his hearing . . . . [T]he Appeals Council vacated the

---

[4] Cf. Saephan v. Barnhart, 2003 WL 22309450, at *4 (N.D. Cal. Oct. 1, 2003) ("That the Secretary denied a hearing should not prevent judicial review where, as here, the Secretary's denial appears to have failed to consider whether plaintiff had good cause for missing the hearing.").

12

dismissal and remanded the case to the ALJ."); Kellam v. Bowen, 663 F. Supp. 238, 238-39 (E.D. Pa. 1987) ("Because plaintiff failed to appear at the hearing or reply to a Notice to Show Cause for Failure to Appear, the Administrative Law Judge (ALJ) dismissed the hearing request . . . . Upon plaintiff's request for review of the ALJ's order of dismissal, the Appeals Council vacated the ALJ's order and remanded the case for consideration of whether plaintiff established good cause for his failure to appear.").

The dismissal of Plaintiff's request for a hearing is binding because it was not vacated by an administrative law judge or the Appeals Council. 20 C.F.R. § 404.959.[5] Thus, even if Plaintiff changed her mind and agreed to appear at an in-person hearing before the ALJ, she is currently precluded from pursuing her original claim for DIB absent further action by Plaintiff and the Commissioner. See, e.g., Nicosia v. Barnhart, 160 F. App'x 186, 188 (3d Cir. 2005) (citing Bacon v. Sullivan, 969 F.2d 1517, 1522 (3d Cir. 1992)) (finding that because the ALJ's notification provided Nicosia with the opportunity to exhaust his administrative remedies, and that the constitutional

---

[5] 20 C.F.R. § 404.959 provides, "The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council."

13

violation he alleges was directly related to his entitlement claim, it does not provide independent grounds for jurisdiction; Nicosia received all the process due to him, and the dismissal of his claim was unreviewable).

A claimant who finds herself in the same situation as Plaintiff is not left without any recourse, however.  Pursuant to 20 C.F.R. § 404.988 (Conditions for reopening), "A determination, revised determination, decision, or revised decision may be reopened—(a) Within 12 months of the date of the notice of the initial determination, for any reason; (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case . . . ."

Based on Plaintiff's papers submitted in opposition to Defendant's motion to dismiss, it is unclear whether Plaintiff attempted to avail herself of this provision to reopen her case.[6]

---

[6] Plaintiff may be precluded from filing a new claim for DIB if it is identical to her first claim because it would be deemed res judicata.  The courts of appeals of several circuits have held that dismissals of "new" claims that effectively repeat previously denied claims and which are therefore held by the Secretary to be res judicata are not reviewable.  Stauffer v. Califano, 693 F.2d 306, 307 (3d Cir. 1982).  But, a denial determination may not be given res judicata effect if a claimant demonstrates that she failed to appeal "acting in good faith reliance upon incorrect, incomplete, or misleading information, relating to the consequences of reapplying for benefits in lieu

14

Plaintiff relates,

> Upon receipt of the Notice of Appeals Council Action, which did not contain any information regarding further appeal, Plaintiff called the SSA and was advised that no further appeals were available as she had completed the four-step process and Plaintiff was referred to the Chief Council in the New York Region of the Federal Court who in turn referred Plaintiff to the Federal Court House who in turn referred her back to the SSA in New Jersey.  It was the SSA in New Jersey who advised Plaintiff to file the Complaint which is the subject matter today.

(Docket No. 11 at 3-4.)

Plaintiff further relates,

> In summary, Plaintiff filed a claim for disability almost three years ago and has complied with each and every appeal process afforded to her by the SSA in a timely and professional manner. As a result of the actions of the SSA, Plaintiff has been forced to live in poverty, lost her home, her vehicle and any assets which she had prior to 2010. Plaintiff was denied her right to appear for her hearing before the ALJ in direct violation of the ADA, the ALJ used Plaintiff's disability against her by denying her right to said hearing and is now attempting to claim that the Plaintiff has not met her burden of proof with regard to the process which she followed to the letter per SSA instructions.

(Id. at 4.)

The Court notes that the backlog in the SSA and the court system, along with the apparent misdirection by various governmental entities, may have resulted in prejudice to

---

of seeking review of an adverse determination . . . ."  42 U.S.C. § 405(b)(3)(A).

Plaintiff.  The denial of Plaintiff's reconsideration of her application for DIB was issued on May 5, 2011, Plaintiff requested a hearing on June 8, 2011, and she was not provided with a hearing date until over a year later on July 26, 2012. This delay prevented the reopening of her application pursuant to § 404.988(a) even before she had a basis to request such relief.  Then, after being advised in December 2012 to file suit in this Court, which Plaintiff did in March 2013, this Court has now decided it lacks subject matter jurisdiction.  Since that decision was rendered after May 2015, it appears that the four-year window to reopen the case for good cause pursuant to § 404.988(b) is not available to Plaintiff.

Even though this Court lacks subject matter jurisdiction to consider whether Plaintiff is entitled to the award of benefits, it seems inequitable that the delay in the resolution of Defendant's motion should bar Plaintiff from seeking to reopen her claim under § 404.988(b).  See Bowen v. City of New York, 476 U.S. 467, 482 (1986) (applying equitable tolling principle in Social Security case, and noting "that by the time this lawsuit was filed, it was too late for a large number of class members to exhaust their claims, since expiration of the 60-day time limits for administrative appeals barred further access to

16

the administrative appeals process"); <u>Cardyn v. Comm'r of Soc. Sec.</u>, 66 F. App'x 394, 397 (3d Cir. 2003) (quoting <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994) ("'[T]here are three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'"); <u>Hansen v. Astrue</u>, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012) (citing <u>Oshiver</u>, 38 F.3d at 1387) (finding that "it would be inequitable if it turned out that Hansen had to suffer the consequences of an error made by a judicial employee or an electronic malfunction in the Court's ECF system").

Accordingly, the Court directs the Commissioner to: (1) show cause as to why the four-year time limit provided by § 404.988(b) should not be deemed to have been effectively tolled on the filing date (August 23, 2013) of the Commissioner's motion to dismiss Plaintiff's complaint, and (2) show cause as to why Plaintiff should not be afforded seventeen months, which represents the balance of time permitted under the regulations,

17

to seek to reopen her claim pursuant to 20 C.F.R. § 404.988, if Plaintiff chooses to do so. The Court provides no opinion as to whether good cause exists to reopen the decision to dismiss Plaintiff's request for a hearing, see 20 C.F.R. § 404.989,[7] or whether Plaintiff should be granted a hearing by telephone. The Court is only directing the Commissioner to express his position on the Court's ability to equitably toll the four-year time limit provided by § 404.988(b) so that Plaintiff can seek to reopen her DIB claim at the administrative level.

**III. Conclusion**

For the reasons expressed above, the Court will adjourn the Commissioner's motion to dismiss for 30 days so that the Commissioner may show cause as to why the four-year time limit

---

[7] 20 C.F.R. § 404.989 provides,

(a) We will find that there is good cause to reopen a determination or decision if—
    (1) New and material evidence is furnished;
    (2) A clerical error in the computation or recomputation of benefits was made; or
    (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

provided by § 404.988(b) should not be deemed to have been effectively tolled on the filing date (August 23, 2013) of the Commissioner's motion to dismiss Plaintiff's complaint.  An accompanying Order will be issued.


Date:  January 4, 2016              s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.